UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICHAEL L. REYNOLDS | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-78-CE |
| | § | |
| SHERIFF NEWTON JOHNSON | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Sheriff Newton Johnson's ("Johnson") motion for summary judgment (Dkt. No. 45). Johnson argues that summary judgment should be granted because he is entitled to qualified immunity in his individual capacity. Furthermore, Johnson argues that the court should grant summary judgment with regard to the official capacity claims against him because those claims are in reality claims against Shelby County, and Shelby County has not violated any constitutional right of plaintiff Michael L. Reynolds ("Reynolds"). The court, having carefully considered the parties' arguments, GRANTS Johnson's motion for summary judgment.

### I. BACKGROUND

Reynolds was arrested on February 14, 2008. He had failed to appear in court on theft by check charges, his bond was forfeited, and a capias had issued for his arrest. Following his arrest, Reynolds was booked into the Shelby County Jail. At booking, he was noted to have various health issues, including cardiovascular/heart trouble, sleep apnea, and use of a breathing machine. Subsequently, Reynolds entered a guilty plea and received a sentence of two years incarceration at Texas Department of Criminal Justice ("TDCJ").

Reynolds was transferred from Shelby County to Bradshaw State Jail on March 10, 2008. The transport officer was Deputy Frankie Adams. Prior to transporting Reynolds from Shelby County to the Bradshaw Unit, Deputy Adams prepared a pen packet, containing a Texas Uniform Health Status Update, which stated that Reynolds has sleep apnea and uses a breathing machine. It also included information indicating that Reynolds suffered from heart trouble. Bradshaw State Jail would not accept Reynolds without the pen packet.

After he arrived at Bradshaw, and on the same day as his transfer, Reynolds was then transported to University of Texas Medical Branch at Galveston ("UTMB") to await transfer into a unit that would accept him due to his use of breathing equipment. Reynolds claims that upon arrival at UTMB, he suffered a heart attack and went into full code. The UTMB medical records, however, show that, upon arrival at UTMB, Reynolds was alert and oriented x3, in no apparent distress, and denied chest pain, nausea, vomiting, or headache. Nothing in the medical records suggests that Reynolds went into cardiac arrest and/or had a heart attack.

On March 9, 2010, Reynolds filed suit against Johnson, alleging that he suffered a heart attack due to Johnson's failure to notify TDCJ of his special needs before he was transferred to the Bradshaw State Jail (Dkt. No. 1). Reynolds alleges that Johnson's actions violated his Eighth Amendment rights and has brought suit pursuant to 42 U.S.C. § 1983. Although it is not clear from the pleadings whether Reynolds is suing Johnson in both his individual and official capacities, Reynolds's response to Johnson's motion for summary judgment makes clear that he is suing Johnson in both capacities (Dkt. No. 58).

## II. LEGAL STANDARD

Summary judgment is proper if the pleadings and evidence show that "there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because…[it]…may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party and refrain from making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

### III. DISCUSSION

#### a. Claims Against Johnson in His Individual Capacity

Sheriff Johnson has asserted the defense of qualified immunity. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The well-established test for qualified immunity requires the following two-step inquiry: (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The judges of the district courts and the courts of appeals…[are]…permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be

addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 223.

As sheriff, Johnson is entitled to qualified immunity from suit under section 1983 unless it is shown by specific allegations that he violated clearly established constitutional law. *See Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Harlow*, 457 U.S. at 818. The Fifth Circuit places the burden on Reynolds to demonstrate that Johnson violated a clearly established federal right. *Salas*, 980 F.2d at 306. "Since qualified immunity turns on whether a defendant violated a clearly established right, a 'necessary concomitant' to that decision is determining 'whether the plaintiff has asserted a violation of a constitutional right at all.'" *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226 (1991)).

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. Furthermore, deliberate indifference cannot be inferred from a failure to act reasonably or failure to alleviate a risk not perceived. *Hare v. Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). A plaintiff does not satisfy this standard by demonstrating that a jailer should have known about a risk. *Olabisiomotosho v. Houston*, 185 F.3d 521, 528 (5th Cir. 1999). Rather, plaintiffs have the burden to demonstrate disputed facts relevant to the determination of deliberate indifference. *See Michalik v. Hermann*, 422 F.3d 252, 263 (5th Cir. 2005) (holding that the "plaintiff bears the burden" regarding deliberate indifference, and cannot rely on "conclusory allegations and assertions."). In *Domino v. TDCJ-ID*, 239 F.3d 752 (5th Cir. 2001), the Fifth Circuit discussed

the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' Furthermore, the decision whether to provide additional medical treatment 'is a classic example of a matter for medical judgment.' And, 'the failure to alleviate a significant risk that [the official] should have perceived, but did not,' is insufficient to show deliberate indifference.

*Domino*, 239 F.3d at 756 (internal citations omitted).

Where a plaintiff seeks to hold a supervisor liable for an alleged constitutional violation, that plaintiff must prove the supervisor himself was deliberately indifferent. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Id.* The Fifth Circuit has explained that a sheriff that is not personally involved in the acts that allegedly deprived the plaintiff of his constitutional rights is liable under section 1983 if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Id.*

Here, Reynolds has failed to allege facts that demonstrate that Johnson violated his clearly established constitutional right. Reynolds does not dispute that Johnson was not personally aware that Reynolds was being transferred to the Bradshaw Unit on the day in question. Additionally, it is undisputed that Shelby County transport officer Frankie Adams personally handled all prisoner transfers. In fact, Reynolds admits that Johnson was not directly

involved in his transfer, but argues that he did not do anything to guarantee Reynolds's safety. Reynolds does not, however, allege any facts demonstrating that Johnson failed to train or supervise Mr. Adams. Rather, the undisputed facts demonstrate that Mr. Adams properly prepared a pen packet, and included in the pen packet a copy of the Texas Uniform Health Status Update reflecting that Reynolds has sleep apnea, heart trouble, and uses a breathing machine. Furthermore, Reynolds's argument that this pen packet was deficient because it did not mention his need for oxygen, does not constitute a failure on the part of Reynolds to train or supervise Mr. Adams.

Because Reynolds has failed to establish that Johnson acted with deliberate indifference, Reynolds has also failed to establish a clear violation of constitutional law – i.e., a clear violation of the Eighth Amendment. Therefore, Johnson is entitled to qualified immunity, and the court grants Johnson's motion for summary judgment with regard to Reynolds's individual capacity claims.

### b. Claims Against Johnson in His Official Capacity

A suit against a person in his official capacity is merely another way of pleading a cause of action against the governmental entity itself. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *see also Flores v. Cameron County*, 92 F.3d 258, 261 (5th Cir. 1996). In a section 1983 suit against a governmental entity, a plaintiff must prove that his harm was caused by the violation of a constitutional right and that the governmental entity is responsible for that

violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Section 1983 only "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). A single incident of alleged unconstitutional activity will not suffice to hold a municipality liable unless a plaintiff pleads and proves that it was caused by an existing unconstitutional "official policy." *Worsham v. Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989). A plaintiff must establish a "direct causal link" between the county's actions and the alleged constitutional deprivation. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Although Reynolds fails to plead any facts establishing that a Shelby County policy, custom or practice was the moving force in a violation of his rights, the uncontroverted summary judgment evidence is that Shelby County had a policy or practice related to the transfer of inmates from the county jail to a TDCJ facility. Johnson has produced uncontroverted evidence that these policies are consistent with that of other counties. Furthermore, Reynolds has not disputed Johnson's allegations that these policies do not violate the constitutional rights of inmates being transferred from the Shelby County Jail. *See Brown*, 520 U.S. at 404. Considering this, Reynolds has failed to establish a viable cause of action against Shelby County and, in turn, against Johnson in his official capacity. As such, the court grants Johnson's motion for summary judgment with regard to Reynolds's official capacity claims.

## IV. CONCLUSION

For the foregoing reasons, Johnson's motion for summary judgment is GRANTED.

SIGNED this 2nd day of March, 2011.

                                          CHARLES EVERINGHAM IV
                                        UNITED STATES MAGISTRATE JUDGE